UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Chaya Knopfler, individually and on behalf of all others similarly situated;<br><br>Plaintiff,<br><br>-v.-<br><br>Aargon Agency, Inc. d/b/a Aargon Collection Agency;<br><br>Defendant(s). | Civil Action No: 2:23-cv-1169<br>_____<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Chaya Knopfler (hereinafter, "Plaintiff"), a New Jersey resident, brings this Class Action Complaint by and through her attorneys, against the Defendant Aargon Agency, Inc. d/b/a Aargon Collection Agency (hereinafter "Defendant" or "Aargon"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of the Plaintiff's counsel, except for allegations specifically pertaining to the Plaintiff, which are based upon the Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1.      Congress enacted the Fair Debt Collection Practices Act ("FDCPA" or "Act") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." ld. § 1692(e). After determining that the existing consumer protection laws ·were inadequate~ id § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201. If applicable, the Court also has pendant jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New Jersey consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the FDCPA, and

6. Plaintiff is seeking damages, declaratory and injunctive relief.

## PARTIES

7. Plaintiff is a resident of the State of New Jersey, County of Hudson.

8. Defendant Aargon is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address for service of process care of Cogency Global Inc., 14 Scenic Drive, Dayton, New Jersey 08810.

9. Upon information and belief, Defendant Aargon is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

10. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11. The Class consists of:

    a. all individuals with addresses in the State of New Jersey;

    b. to whom the Defendant Aargon sent a collection letter attempting to collect a consumer debt;

    c. that contained language that overshadowed the consumer's rights, including the 30-day validation period required by 15 U.S.C. § 1692g; and

    d. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

12. The identities of all class members are readily ascertainable from the records of the Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

13. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

14. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form **attached as Exhibit A**, violate 15 U.S.C. §§ l692e, 1692f and/or 1692g.

15. Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff, nor her attorneys, have any interests that might cause them not to vigorously pursue this action.

16. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above are so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ l692e, 1692f and/or 1692g.

   c. **Typicality:** Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

   d. **Adequacy:** Plaintiff will fairly and adequately protect the interests of the class members insofar as the Plaintiff has no interests that are averse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal

issues, and class actions. Neither the Plaintiff, nor her counsel, have any interests that might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

19. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs numbered above with the same force and effect as if the same were set forth at length herein.

20. On or before January 11, 2023, an obligation was allegedly incurred between the Plaintiff and the non-party creditor P S E G Services Corporation (hereinafter "PSEG").

21. The PSEG account was an obligation that arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

22. The alleged PSEG account is a "debt" as defined by 15 U.S.C.§ 1692a(5).

23. Upon information and belief, Defendant Aargon took over collection of the PSEG account to collect the debt(s). Therefore, Defendant Aargon is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6).

24. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family, or household purposes on behalf of creditors using the United States Postal Services, telephone, and internet.

*Violations – January 11, 2023 Collection Letter*

25. On or around January 11, 2023, Defendant Aargon sent a collection letter to the Plaintiff to collect the PSEG debt. *See* the "Letter" annexed hereto as **Exhibit A**.

26. The Letter violates multiple sections of the FDCPA.

27. When a debt collector solicits payment from a consumer, it must, within five days of the initial communication, provide the consumer with a written validation notice, known as a "G Notice," which must include the following information:

    a. The amount of the debt;

    b. The name of the creditor to whom the debt is owed;

    c. a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

      d. a statement that if the consumer notifies the debt collector <u>in writing</u> within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector and;

      e. a statement that, upon the consumer's <u>written</u> request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a)(emphasis added).

28. Although a collection letter may track the statutory language, "the collector nonetheless violates the Act if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty." *Russel v. Equifax A.R.S.*, 74 F.3d 30, 35 (2d Cir. 1996)("It is not enough for a debt collection agency simply to include the proper debt validation notice in a mailing to a consumer – Congress intended that such notice be clearly conveyed.") Put differently, a notice containing "language that overshadows or contradicts other language informing a consumer of her rights … violates the Act." *Id.* at 34.

29. While the Letter contains some of the statutorily required "G Notice" information, the same is completely overshadowed by other statements in the Letter.

30. Specifically, this Letter contains language that overshadows the notice to the consumer that she is entitled to dispute the alleged debt within thirty (30) days of the receipt of the Letter.

31. The Letter further failed to meet the requirements of the "G Notice" in that it fails to clearly set forth the amount due because of an insufficient interest disclosure.

32. The Letter is an initial collection letter and lists a total balance of $1,348.53.

33. However, the Letter erroneously sets forth "Your Interest: <<Insert4>>"

34. Moreover, the Letter lists a "Settlement Offer Amount: $1,078.82" that expires on February 20, 2023.

35. Unfortunately, the Letter also instructs the Plaintiff to "[c]all or write to us by February 20, 2023 to dispute all of part of the debt."

36. Thus, the settlement offer expires on the deadline to dispute the debt and therefore overshadows the fact that the Plaintiff has a right to dispute and receive validation of the debt pursuant to the "G Notice."

37. Requiring settlement acceptance within the statutorily protected period is deceptive because the least sophisticated consumer would believe that settlement must be sacrificed in order to exercise the right to dispute and validate the debt.

38. As a result, Defendants overshadowed the Plaintiff's right to dispute or seek validation of the debt under the FDCPA.

39. Plaintiff sustained an imminent risk of harm in that she received false, deceptive and/or materially misleading information about the alleged debt that prevented her from making reasonable decisions about whether to pay the debt.

40. In addition to improperly overshadowing the "G Notice," the Letter further violates the FDCPA in that it does not clearly set forth the amount due because the interest disclosure is missing.

41. It is deceptive to not clearly state the amount due in any collection letter sent to a consumer.

42. Mere illusions are not enough because the Letter must specifically and clearly state the amount due.

43. Defendant failed to provide the consumer with a proper initial communication letter by failing to clearly set forth the interest concerning the debt.

44. For the foregoing reasons, Plaintiff was unable to evaluate her options of how to handle this debt.

45. Because of this, Plaintiff expended time, money, and effort in determining the proper course of action.

46. Plaintiff would have pursued a different course of action were it not for the Defendant's violations.

47. Plaintiff has suffered emotional distress, including, but not limited to, anxiety, stress and increased heartrate, because of the Defendant's misrepresentations and omissions concerning the character and legal status of the debt.

48. Plaintiff has suffered wasted time and annoyance because of the Defendant's misrepresentations and omissions concerning the character and legal status of the debt.

49. Plaintiff has suffered a lost opportunity to resolve the debt at a discount because of the Defendant's improper acts.

50. Plaintiff has expended, and continues to expend, time and money because of the Defendant's misrepresentations and omissions concerning the character and legal status of the debt.

51. In reliance on the Letter, Plaintiff has spent time and money in an effort to mitigate the risk of financial harm in the form of dominion and control of her funds.

52. In reliance on the Letter, Plaintiff prioritized her funds elsewhere, including spending time and money in an effort to mitigate the financial and reputational harm caused by the Defendant in the form of negative credit information furnishment/dissemination to third parties.

53. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

54. The harms caused by the Defendant have a close relationship to harms traditionally recognized as providing a basis for a lawsuit in American courts.

55. As it relates to this case, the common-law analogues are to the traditional torts of fraud, misrepresentation, intimidation, negligent infliction of emotional distress, conversion and defamation.

56. For purposes of this action, only a close relationship to common-law harm is needed, not an exact duplicate.

57. Plaintiff is entitled to receive proper notice of the character and legal status of the debt, as required by the FDCPA.

58. Defendant failed to effectively inform the Plaintiff of this information, and in fact, attempted to conceal it in violation of the law.

59. These violations by the Defendant were knowing, willful, negligent, and/or intentional, and the Defendant did not maintain procedures reasonably adopted to avoid any such violations.

60. Defendant's collection efforts with respect to this alleged debt from the Plaintiff caused the Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides the Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

61. Defendant's deceptive, misleading, and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated the Plaintiff's ability to intelligently respond to the Defendant's collection efforts because the Plaintiff could not adequately respond to the Defendant's demand for payment of this debt.

62. Defendant's actions created an appreciable risk to the Plaintiff of being unable to properly respond to, or handle, Defendant's debt collection.

63. Plaintiff was misled to her detriment by the statements in the Letter, and relied on the contents of the Letter to her detriment.

64. Because of the Defendant's actions, the funds the Plaintiff could have used to pay all or part of the alleged debt were prioritized elsewhere.

65. Plaintiff would have pursued a different course of action were it not for the Defendant's violations.

66. As a result of the Defendant's deceptive, misleading, and false debt collection practices, Plaintiff has been damaged.

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692e** *et seq.*

67. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above with the same force and effect as if the same were set forth at length herein.

68. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

69. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

70. Defendant violated §1692e, including, but not limited to §§ 1692e (2)(A) and 1692e (10), by:

   a. Demanding settlement acceptance within the Plaintiff's dispute/validation period, overshadowing the Plaintiff's rights under the FDCPA; and

   b. Failing to accurately identify the amount due because of failure to make a clear interest disclosure.

71. By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692e et seq. of the FDCPA, and the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

72. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above with the same force and effect as if the same were set forth at length herein.

73. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

74. Pursuant to 15 U.S.C. §1692f, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

75. Defendant violated §1692f by:

   a. Demanding settlement acceptance within the Plaintiff's dispute/validation period, overshadowing the Plaintiff's rights under the FDCPA; and

   b. Failing to accurately identify the amount due because of failure to make a clear interest disclosure.

76. By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692f et seq. of the FDCPA, and the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

### COUNT III
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692g *et seq.*

77. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above with the same force and effect as if the same were set forth at length herein.

78. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

79. Pursuant to 15 U.S.C. §1692g(b), the language in a debt collector's letter cannot overshadow a plaintiff's right to validate or dispute the debt, as provided by § 1692g.

80. Defendant violated 15 U.S.C. § 1692g by:

   a. Demanding settlement acceptance within the Plaintiff's dispute/validation period, overshadowing the Plaintiff's rights under the FDCPA; and

   b. Failing to accurately identify the amount due because of failure to make a clear interest disclosure.

81. By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692g et seq. of the FDCPA, and the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

### DEMAND FOR TRIAL BY JURY

82. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Chaya Knopfler, individually and on behalf of all others similarly situated demands judgment from Defendant as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying the Plaintiff as Class representative, and undersigned counsel as Class Counsel;

2. Awarding the Plaintiff and the Class statutory damages;

3. Awarding the Plaintiff and the Class actual damages;

4. Awarding the Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding the Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated:  February 28, 2023

**Stein Saks, PLLC**
/s/ *Robert T. Yusko*
Robert T. Yusko, Esq.
One University Plaza, Suite 620
Hackensack, NJ 07601
P. (201) 282-6500
ryusko@steinsakslegal.com
*Counsel for Plaintiff*